IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 1577 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| HINSDALE TOWNSHIP HIGH SCHOOL | ) | |
| DISTRICT 86, CHERIE KERZEE-STAMES, | ) | |
| RICHARD TOWNSEND, and BRIAN THELEN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Christopher Coleman[1] has brought a first amended complaint against defendants Hinsdale Township High School District 86, and three of its teachers, Cherie Kerzee-Stames, Richard Townsend and Brian Thelen alleging equal protection and 42 U.S.C. § 1981 retaliation claims against Townsend (Counts I and II), Kerzee-Stames (Counts III and IV), and Thelen (Counts V and VI), a 42 U.S.C. § 1983 equal protection claim against the District (Count VII) and a claim of racial discrimination under 42 U.S.C. § 2000d ("Title VI") against the District (Count VIII). Defendants have moved for summary judgment on all counts. As explained below, that motion is granted.

---

[1] The original complaint was brought pro se by plaintiff's mother Vanessa Summers while plaintiff was a minor. The court appointed an attorney to represent plaintiff. When plaintiff reached the age of majority he substituted as the named plaintiff. Because both plaintiff and his mother had irreconcilable differences with the court appoint counsel, the court granted counsel's motion to be relieved of the appointment. At that time plaintiff chose to represent himself pro se.

## BACKGROUND

Plaintiff, an African-American, is a former student at Hinsdale South High School ("HSHS") who, by all accounts, was an excellent student. Defendants Kerzee-Stames, Townsend and Thelen are all former teachers of plaintiff while he attended HSHS.

Plaintiff's complaint and L.R. 56.1 statement of facts present a litany of complaints against his former teachers, most of which can only be described as petty.[2] Some of the more "serious" of his complaints against each teacher are described below.

With respect to Townsend, who taught plaintiff biology in the Fall of 2005, plaintiff claims that Townsend "treated [plaintiff] in a hostile manner." Townsend often taunted plaintiff for being slow in completing classroom assignments, and plaintiff further claims that Townsend was "unfriendly" to him while being "friendly and more engaging conversation" with other students. He admits, however, that Townsend was friendly with the other African-American students in the class, and also made negative comments about caucasian students who were slow to complete in-class assignments. Plaintiff's main complaint about Townsend is that despite having earned an A as a final grade, Townsend initially reported plaintiff's grade as a B on the final report card. After plaintiff complained, however, the error was corrected.

---

[2] Defendants attack plaintiff's L.R. 56.1 response as defective and argue that it should be stricken or, at the least, the offending paragraphs be deemed admitted. While defendants are correct that the response is technically deficient and fails to provide citations to the record to support it, the court nonetheless commends plaintiff, who is acting pro se, for his efforts to comply with a rule with which any number of seasoned attorneys have had difficulty. Thus, rather than strike the document or deem the responses admitted, the court has reviewed the record to determine the accuracy of defendant's statements, and will consider only those facts supported by the record.

In Fall 2006 plaintiff enrolled in Kerzee-Stames' advanced placement European history class. Plaintiff claims that Kerzee-Stames treated him unfairly by providing copies of the class syllabus, homework assignments and handouts to white students but not to him. He admitted, however, that there was often a shortage of handouts and that all of the students in the back of the rows, where he was seated, were left out. When plaintiff received a C on his progress report from Kerzee-Stames, his mother complained to the principal. Plaintiff asserts that Kerzee-Stames retaliated against him by and "physically restrained him by grabbing and/or poking his arm." In his deposition, however, he admitted that Kerzee-Stames "tapped his arm" to get his attention.

Plaintiff's greatest complaints relate to Thelen, who was plaintiff's Honors English teacher in Fall 2006. Once again plaintiff claims in general that Thelen treated him in a hostile manner but did not subject other students to such treatment. On November 1, 2006, plaintiff had his gall bladder removed, resulting in an extended absence from school. He claims that Thelen refused to give him the homework assignments, resulting in a drop in his grade from an A to a D on an interim progress report. Thelen, of course, disputes this, indicating that he simply refused to allow plaintiff to do the in-class assignments at home, but allowed plaintiff time to do the assignments once he returned to class.

After plaintiff returned from that absence, he claims that Thelen played an "April fools joke" on him by sending plaintiff to get a working projector from the library when the classroom projector worked, subjecting plaintiff to humiliation in front of the class. Plaintiff's most serious complaint is that Thelen reported plaintiff for plagiarism after plaintiff failed to credit Thomas Payne for quote that plaintiff used in a paper about Frankenstein. In his mark-up of the paper,

Thelen noted that the words used should have been credited to Payne, but also indicated that the paper was otherwise well done. As required by HSHS policy Thelen gave plaintiff a zero on the paper and prepared and turned in a Disciplinary Referral for plaintiff's failure to properly credit Payne. Thelen indicated on that referral, however, that it was "for documentation purposes only. No disciplinary action should be taken in regard to this . . .."

## DISCUSSION

Summary judgment is appropriate if the evidence demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden is on the moving party to identify portions of the pleadings, answers to interrogatories, and affidavits that demonstrate an absence of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial.: Fed. R. Civ. P. 56(c). When reviewing a motion for summary judgment, the court must read the facts in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court's role "is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact." Doe v. R.R. Donnelly & Sons, Co., 42 F.3d 439, 443 (7th Cir. 1994).

Plaintiff asserts equal protection claims against the three teachers and the District. To establish liability under the Equal Protection Clause of the Fourteenth Amendment, plaintiff must demonstrate that defendants' actions toward him had a discriminatory effect and were motivated by a discriminatory purpose. Bryant v. Board of Education, District 228, 2008 WL 1702162 at *3 (N.D. Ill. 2008) (citing Chavez v. Illinois State Police, 251 F.3d 612, 635-36 (7th

Cir. 2001). To prove discriminatory effect, plaintiff must show that: (1) he is a member of a protected class; (2) he is otherwise similarly situated to members of an unprotected class; and (3) defendants treated him differently from members of the unprotected class. Id. To be similarly situated, the member of the unprotected class must be directly comparable in all material respects to plaintiff. Id.

To prove the discriminatory purpose element plaintiff must show that the decisionmaker selected or reaffirmed a particular course of conduct at least in part "'because' not merely `in spite of' its adverse affects upon an individual group." Id. (quoting Personnel Adm'r of Mass. v. Feeney, 442 U.S. 256, 279 (1979).

In the instant case, plaintiff's equal protection claims against defendant Thelen, Townsend and Kerzee-Stames cannot survive because he has not identified any similarly situated non-African-American student at HSHS who was treated differently than he was. To be sure, plaintiff claims that no other students were treated like he was, but plaintiff is not similarly situated to every student in HSHS, or even to every student in his classes. Plaintiff must identify a student with whom he was materially identical. Bryant, 2008 WL 17021612 at *4.

Consequently, to prove that he was discriminated against he must, for example, identify another non-African-American student who failed to properly credit a quote in a paper submitted to Thelen for whom Thelen did not prepare a disciplinary referral and did give a zero grade. Plaintiff has failed to identify any such student. Nor has he identified, for example, any student who was absent for a length of time who Thelen allowed to do in class-assignments at home. The same is true for plaintiff's claims against Kerzee-Stames and Townsend. He has not identified a similarly situated student treated differently than he was by either of the teachers.

5

Because plaintiff has failed to meet this initial burden, defendants Kerzee-Stames', Townsend's and Thelen's motion for summary judgment on the Equal Protection Claims (Counts I, III and V) is granted.

Plaintiff's retaliation claims fail for similar reasons. To prevail on a § 1983 retaliation claim he must demonstrate that: (1) he was engaged in constitutionally protected speech; (2) his teachers took adverse actions against him; and (3) these adverse actions were motivated, at least in part, as a response to plaintiff's protected speech. Springer v. Durflinger, 518 F.3d 479, 484 (7th Cir 2008).

Plaintiff has been unable to identify any facts in the record to support his claims that any of the teachers retaliated against him. Indeed, most, if not all, of the claimed acts of discrimination happened prior to his complaints about any of the teachers, and he has acknowledged in his deposition that neither Kerzee-Stames nor Thelen retaliated against him. Accordingly, defendants' motion to for summary judgment on Counts II, IV and VI is granted.

Finally, there is no evidence in the record to support plaintiff's claims against the District under the Equal Protection Clause or Title VI. Instead of providing such record evidence, plaintiff argues that the defendants' motion should be denied because the court denied defendants' motion to dismiss for failure to state claim. Stating a claim and proving it are two very distinct matters. Plaintiff has provided no evidence, aside from his sweeping alegations, that anyone at the school or in the District discriminated against him on any basis. Accordingly, defendants' motion for summary judgment on Counts VII and VIII is granted.

## **CONCLUSION**

For the reasons described above, defendants' motion for summary judgment is granted.

ENTER: August 26, 2010

_____
**Robert W. Gettleman
United States District Judge**